UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH AYUYU,

Plaintiff,

v.

CORRECTIONS CORPORATION
OF AMERICA,

Defendant.

CIVIL NO. 00-2484 (DSD/JMM)

ORDER

The above matter came on before the undersigned upon the Parties' Motions set forth below.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED:

1. Plaintiff's Request for Default [Docket No. 6] and Plaintiff's Motion for Default Judgment [Docket No. 15] are denied.

2. Plaintiff's Motion to Compel [Docket No. 10] is denied without prejudice.

3. Defendant's "Motion for Clarification of Deadlines" [Docket No. 12] is denied.

4. No further discovery or motions shall be served or filed until an Order is issued resolving the Motion of Plaintiff to Remand.

Dated: January 19, 2001

JOHN M. MASON
United States Magistrate Judge

JAN 19 2001
...RAL CLERK

MEMORANDUM

This matter was removed to this Court on November 15, 2000. By Order dated November 14, 2000, this Court ordered that Defendant "shall file an Answer, a motion to dismiss, or some other formal response to Plaintiff's Complaint within 20 days" [Docket No. 2]. On December 4, 2000, Plaintiff requested that a default be entered by the Clerk of Court, pursuant to the provisions of Rule 55(a) of the Federal Rules of Civil Procedure [Docket No. 6]. On January 16, 2001, Plaintiff made a Motion for Default Judgment, pursuant to the provisions of Rule 55(b).

On January 16, 2001, Defendant filed a "Motion for Clarification of Deadlines and Opposition to Plaintiff's Motions" and a Memorandum in Support [Docket Nos. 12, 13 and 14]. On January 17, 2001, Defendant filed an Answer to the Complaint [Docket No. 16].

The "Motion for Clarification of Deadlines" seeks "an order clarifying whether [defendant] should respond to the complaint notwithstanding the motion to remand and, if so, when Defendant should respond." This Motion is denied. In this case the Court has already entered an Order requiring that the response be filed within 20 days of the Order dated December 14, 2000. In addition, it is the responsibility of counsel for the Defendant to determine the date on which a response to a Complaint is required.

In seeking a default, Plaintiff proceeded in the appropriate sequence, first requesting the Clerk's entry of default under Rule 55(a), then seeking a default judgment under Rule 55(b). We conclude, however, that although Plaintiff followed the appropriate procedure, the Motion should be denied, since Defendant has now filed an Answer to the Complaint, and Plaintiff would not be prejudiced by allowing the Answer to stand. We are

guided by the following reasoning of the Court of Appeals for the Eighth Circuit in United States on Behalf of and for the Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1983):

> Both the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court. *Federal Trade Comm'n v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977) (per curiam). Default judgments, however, are not favored by the law. Under Fed. R. Civ. P. 55(c), a judgment of default may be set aside for the reasons listed in Rule 60(b) (e.g., mistake, inadvertence, excusable neglect). The entry of a default judgment for a marginal failure to comply with the time requirements--in this case, being twelve days late--should be distinguished from dismissals or other sanctions imposed for willful violations of court rules, contumacious conduct, or intentional delays. See *Gross v. Stereo Component Sys.*, 700 F.2d 120, 124 (3d Cir.1983); *Packers*, 562 F.2d at 10.

See also Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781 (8th Cir.1998).

The Motion to Compel Discovery is denied as premature. If the matter is remanded to state court, the issue will be determined by that Court. If the matter is not remanded, the Motion will be governed by the procedures of Local Rules 7, 37.1 and 37.2, which were not followed here.

J.M.M.