UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH AYUYU, CIVIL NO. 00-2484 (DSD/JMM)

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant.

ORDER

The above matter came on for hearing before the undersigned on December 11, 2000 upon Plaintiff's Motion to Remand to State Court. [Docket No. 3]. Plaintiff is represented pro se. Defendant is represented by Thomas B. Heffelfinger, Esq. The Motion was presented on the pleadings without oral argument.

The Court, being duly advised in the premises, upon all of the files, records and proceedings herein, now makes and enters the following Order.

IT IS HEREBY ORDERED: Plaintiff's Motion to Remand the Action to State Court is denied. [Docket No. 3].

Dated: January 23, 2001

JOHN M. MASON
United States Magistrate Judge

**MEMORANDUM**

A motion to remand constitutes a nondispositive matter, which a magistrate judge may determine pursuant to 28 U.S.C. § 636(b)(1)(A). Banbury v. Omnitrition

FILED JAN 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

International, Inc., 818 F. Supp. 276, 279 (D. Minn. 1993)(Doty, J.). We note, however, that two other Circuit Courts of Appeals have held that a remand order is case dispositive under 28 U.S.C. §636(b), and may be decided by a magistrate judge only with the consent of the parties. See, First Union Mortgage Corp. v. Smith, 229 F.3d 992 (10th Cir. 2000); In re U.S. Healthcare, 159 F.3d 142 (3d Cir. 1998). If the District Court concludes that the remand order is case dispositive then our determination in this matter should be treated as a Report and Recommendation to the District Court, and reviewed according to the standard applicable in said cases.

**Background**

Plaintiff is a Hawaii prisoner who is incarcerated at Prairie Correctional Facility in Minnesota. Defendant is a private Tennessee corporation which owns Prairie Correctional Facility. Plaintiff's complaint, filed in the Eighth Judicial District Court of the State of Minnesota, Swift County on July 13, 2000, alleges negligence, nuisance and breach of contract by Defendant. [Docket No. 1, Ex. A]. Plaintiff seeks compensatory damages in the amount of $300,000.00 and Punitive damages in the amount of $375,000.00. [Docket No. 1, Ex. A, p. 16].

The matter was removed by Defendant to this Court on November 15, 2000, pursuant to 28 U.S.C. § 1441 et seq. [Docket No. 1]. Defendant alleges jurisdiction of this Court under 28 U.S.C. § 1332 based on the parties' diverse citizenship: Defendant is a citizen of Tennessee while Plaintiff is a citizen of either Hawaii or Minnesota. Defendant also alleges possible federal question jurisdiction under 28 U.S.C. § 1331 as well, depending on whether the Court construes Plaintiff's claims as civil rights claims under 42 U.S.C. § 1983. [Docket No. 1, ¶¶ 6-8].

In the Motion now before the Court, Plaintiff moves for an Order remanding the cause of action back to state court. [Docket No. 3]. Plaintiff alleges three grounds for remand: 1) that Defendant failed to comply with the procedures for removal under 28 U.S.C. § 1446(a); 2) that the Court should decline jurisdiction over the matter because the State of Minnesota has personal jurisdiction over Defendant; and 3) that the Complaint raises only state law issues. [Docket No. 3]. We address each ground below.

## Discussion

### I. Defendant Complied With Removal Procedures Under 28 U.S.C. § 1446(a).

A defendant's right to remove a suit from state court to federal court is a statutory right. A defendant is entitled to have the suit removed to a proper federal court as a matter of right, upon complying with the conditions prescribed by statute. Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1499 (8th Cir. 1992). Title 28 U.S.C. § 1441 states in relevant part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). United States district courts have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, and is between citizens of different States. 28 U.S.C. § 1332(a)(1). A corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The burden of establishing that this Court has jurisdiction rests upon the Defendant, as the party asserting the jurisdiction. E.g., In re

Business Men's Assurance Co. of America, 992 F.2d 181 (8th Cir. 1993). The Court must resolve all doubts in favor of remand. Id.

Title 28 U.S.C. § 1446 establishes procedure for removal. A defendant seeking to remove an action must file a notice of removal that contains a "short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). Defendant's Notice of Removal contains a statement of its grounds for removal, a verified Summons and Complaint [Ex. A], a copy of the Order Allowing Inmate In Forma Pauperis Action [Ex. B], and a copy of a Scheduling Order from the Eighth Judicial District [Ex. C]. Defendant says these documents constitute all process, pleadings and orders served upon it when it filed the Notice of Removal. [Docket No. 5, p. 2].

Plaintiff argues that Defendant did not comply with 28 U.S.C. § 1446(a) because it failed to provide the Court with a copy of the "Certificate of Service" issued by the Minnesota Secretary of State. [Docket No. 3, p. 2, Ex. A]. The "Certificate of Service," provided to this Court by Plaintiff as Exhibit A, states that on October 11, 2000, the Office of the Secretary of State received documents to be served in this case, and that a copy was forwarded to "Correction Corporation of America, CCA/Prairie Correctional Facility T. O'Dell - Warden, 445 S Munsterman Str, Appleton MN 56208." [Docket No. 3, Ex. A]. In response to Plaintiff's argument, Defendant asserts that this document was never served upon it. [Docket No. 5, Defendant's Memorandum in Opposition to Remand, p. 1-2]. Even if the "Certificate of Service" was served upon the Defendant it does not constitute "process, pleadings, or orders" that must be attached with the notice of removal.

The "Certificate" is not process. Service of "process" is made upon a corporation by delivering a copy of the summons and complaint to the appropriate person. See Fed. R. Civ. P. 4(h). A certificate of service does not constitute process, but merely acts as proof of service. Its existence or non-existence does not affect the validity of the service itself. See Fed. R. Civ. P. 4(l) ("failure to make proof of service does not affect the validity of the service"). Nor is the "Certificate" itself a pleading. Pleadings allowed by the Federal Rules of Civil Procedure are "a complaint and an answer; a reply to a counterclaim...;an answer to a cross-claim...; a third-party complaint...; and a third-party answer." Fed. R. Civ. P. 7(a). Nor is the "Certificate" an order. It is merely evidence that a summons and complaint were sent to the listed addressee by Minnesota's Secretary of State. Removal is not defeated for Defendant's failure to attach this document to the Notice of Removal.

The provisions of 28 U.S.C. § 1446(b) require that the Notice of Removal "shall be filed within thirty days after the receipt by defendant . . . of the initial pleading setting forth the claim for relief. . . ." The Notice of Removal was filed on November 8, 2000. [Docket No. 1]. The Complaint was served no earlier than October 11, 2000, the date on which the Secretary of State received it. [Docket No. 3, Ex.A]. The filing was therefore timely.

## II. The State of Minnesota's Exercise of Personal Jurisdiction Over Defendant Does Not Diminish the Defendant's Right to Remove the Action.

As an additional ground for remand to state court, Plaintiff alleges that Minnesota courts have exclusive jurisdiction over Defendant pursuant to "long arm" jurisdiction statutes. [Docket No. 3, p. 2 ("The Federal Court should decline jurisdiction

over cause pursuant to the Minnesota long arm statutes").[1] Plaintiff argues that service of a summons and complaint upon Defendant by the Secretary of State was proper, that Minnesota has personal jurisdiction over Defendant, and as such Minnesota courts have exclusive jurisdiction over the matter. [Docket No. 3, p. 4].

Whether service of process was properly effected upon Defendant is not an issue presently before the Court. In deciding Plaintiff's Motion to Remand, we are only concerned with whether Defendant is entitled to have the action removed to federal court. Removal is Defendant's right so long as it complies with the conditions prescribed by statute. See 28 U.S.C. § 1441 et seq; Melahn, 965 F.2d 1499. The long-arm statutes cited by Plaintiff deal only with Minnesota's personal jurisdiction over Defendant, but in no way provide Minnesota courts with exclusive jurisdiction over the matter. Nor does Minnesota's ability to exercise personal jurisdiction over Defendant alter Defendant's right to remove the action to federal court.

## III. Defendant Can Remove the Action Based on Diversity of Citizenship Regardless of Whether the Complaint Raises Constitutional Issues.

Finally, Plaintiff argues that the action should be remanded to state court because it raises no federal constitutional issues, only state issues of alleged nuisance, negligence and breach of contract. [Docket No. 3, p. 7]. Whether the Complaint raises state claims or a federal question is not relevant when removal is grounded on diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff and Defendant are "citizens of different

---

1 Plaintiff cites Minn. Stat. § 303.13, subd. 1(2), which states that a foreign corporation is subject to service of process if it commits a tort in Minnesota, and Minn. Stat. § 543.19, subd. 1(a)-(c), which states that Minnesota courts have personal jurisdiction over a foreign corporation that owns property in the state.

states," as Plaintiff is a Hawaii prisoner residing in Minnesota and Defendant is incorporated in Tennessee with its principal place of business in that state, thus providing the appropriate federal court with original jurisdiction over the claim.

Plaintiff does not contest the diversity of the parties. Nor does he contest the $75,000 minimum amount in controversy requirement. Because the requirements of 28 U.S.C. § 1332 are met, the action is removable based on diversity of citizenship regardless of whether a federal question exists.

J.M.M.