UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH AYUYU,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant.

CIVIL NO. 00-2484 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter is before the undersigned upon Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 20]. Plaintiff is represented pro se; Defendant is represented by Thomas Heffelfinger, Esq., Robert Lewis, Esq., and Marlene Yoder, Esq. The Motion was submitted on the written pleadings. The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 20] be denied.

## FINDINGS OF FACT/REPORT

### Background

Plaintiff is a Hawaii prisoner who is incarcerated at Prairie Correctional Facility (PCF) in Minnesota, a detention facility owned by Defendant. In a Complaint before the District Court, Plaintiff alleges negligence, nuisance and breach of contract by Defendant. [Docket No. 1, Ex. A]. A Pretrial Scheduling Order has been issued and the matter is scheduled for trial no later than July 1, 2001. [Docket No. 19].

FILED APR 0 2 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

On February 12, 2001, the Warden at PCF informed all Hawaii inmates at that facility that they will be relocated to another facility owned by Defendant in another state. [Docket No. 21, Decl. Ayuyu, ¶ 3]. On February 20, 2001, Plaintiff filed this Motion asking the Court to issue a temporary restraining order or preliminary injunction preventing the Defendant and its agents at PCF "from moving or transferring Plaintiff to another facility own [sic] and operated by Defendant until the final disposition of the instant case." [Docket No. 20].

By Order of this Court dated February 22, 2001 [Docket No. 22], Plaintiff was ordered to deliver a copy of the Motion and Supporting Declaration to Defendant and Defendant was ordered to respond on or before March 8, 2001. On March 8, Defendant filed an Opposition Memorandum [Docket No. 32] with supporting documents [Docket No. 33] which indicated that on February 20, 2001, the same day Plaintiff filed his Motion, Plaintiff was relocated, at the directive of the State of Hawaii, to an Arizona facility owned by Defendant. [Docket No. 33, Peterson Aff., Ex. A, Rice Aff.]

In his Complaint, Plaintiff does not seek permanent injunctive relief against relocation, the action which he now seeks to temporarily bar with this Motion. Rather, with this Motion, Plaintiff seeks preliminary injunctive relief on the basis that relocation to another facility will hinder his ability to prosecute his case against Defendant.

Defendant argues that Plaintiff's Motion is moot since he has already been relocated to another facility. We disagree. Even though he has been relocated, Plaintiff's purpose, to be housed at PCF for the duration of his lawsuit, still remains and his Motion should be examined on the merits.

## Discussion

### I. PLAINTIFF IS NOT ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF.

Under Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109 (8th Cir. 1981), the Court must consider the following factors in analyzing whether to grant relief when presented with a motion seeking injunctive relief:

> (1) the threat of irreparable harm to the movant;
> (2) the state of balance between that harm and the injury that granting the injunction will inflict on other litigants;
> (3) the probability that the movant will succeed on the merits; and
> (4) the public interest.

Dataphase Systems, Inc., 620 F.2d at 114; Davis v. Francis Howell Sch. Dist., 104 F.3d 204, 205 (8th Cir. 1997). The party seeking the injunction has the burden of establishing these factors. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989); Davis, 104 F.3d at 205-06. The grant of preliminary relief is within the discretion of the district court. Dataphase Sys., Inc., 640 F.2d at 114 n.8.

The threshold inquiry to a grant of preliminary injunctive relief is whether the movant has shown a threat of irreparable injury should the injunctive relief not be granted. The failure to show irreparable harm is, by itself, a sufficient ground upon which to deny a preliminary injunction. See Gelco Corp. v. Coniston Partners, 811 F.2d 414, 418 (8th Cir. 1987); see also Bandag, Inc. v. Jack's Tire & Oil, Inc., 190 F.3d 924, 926 (8th Cir. 1999) (the basis of injunctive relief is irreparable harm and the inadequacy of legal remedies).

Plaintiff asserts that he will suffer irreparable harm as a result of relocation in that he "will experience difficulties prosecuting the case." He states:

> [c]rucial witnesses would [be] extremely difficult to locate to obtain their testimony, or prepare them for trial. . . [d]iscoveries will be difficult to gather. . . [and] [a]ccess to Minnesota laws will not be readily available at the new facility.

[Docket No. 21, Decl. Ayuyu, ¶¶ 5-9].

Plaintiff has not established that the alleged harm is likely to occur. See Packard Elevator v. Interstate Commerce Commission, 782 F.2d 112, 115 (8th Cir. 1986) (the moving party must "substantiate the claim that irreparable injury is "likely" to occur"). Plaintiff claims he will have prosecuting difficulties, but the factual support indicating that these difficulties will in fact occur is absent from his moving papers. For example, Plaintiff claims that witnesses will be difficult to locate and prepare for trial, but he does not point to specific witnesses or explain why mail and telephone communication are insufficient. Likewise, he does not substantiate that discovery will be hindered if he is in another state, nor does he provide support for his allegation that he will be unable to research Minnesota laws in another facility. Plaintiff's bare allegations that these harms will occur fails to satisfy the threshold requirement that an actual, not a theoretical, harm will result from relocation. See Id. ("bare allegations of what is likely to occur are of no value since the court must decide whether the harm will in fact occur").

Even if Plaintiff's relocation would make prosecution of his case more "difficult," this difficulty alone does not constitute irreparable harm. Plaintiff does not allege that relocation will prevent discovery from occurring or his case from continuing. If Plaintiff were correct that witness preparation, discovery and legal research are made more difficult as a result of the relocation, this only establishes that Plaintiff will suffer inconveniences while carrying on his litigation. With respect to legal research, Plaintiff merely claims that Minnesota laws will not be "readily available"; he does not claim that they are unavailable.

Such inconveniences to carrying on litigation do not amount to irreparable harm warranting injunctive relief. Cf. Davis, 104 F.3d at 207 ("inconveniences" suffered by a plaintiff prior to trial, in the form of scheduling conflicts and being forced to depend on others for help, do not amount to irreparable harm).

Furthermore, if relocation does cause Defendant difficulty in prosecuting the case, it is the type of harm that has a remedy at law. See Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 300 (8th Cir. 1996) (a harm does not constitute irreparable harm where there is an adequate remedy at law). If Plaintiff can establish that his litigation was made more costly because of long-distance telephone or mail charges then he has suffered a monetary loss that is compensable through money damages. A harm that can be compensated by money damages has an adequate remedy at law and does not constitute irreparable harm. See Id.

A prisoner does not have a right to be housed in the prison of his choice or in the state of his choice. See Olim v. Wakinekona, 461 U.S. 238, 245-46 (1983)("[j]ust as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State"). The fact that Plaintiff has filed a lawsuit in Minnesota does not supply him with a right to remain in that state where that right otherwise does not exist. This is especially apparent where Plaintiff has pointed to only minor inconveniences that are not even certain to result from his relocation.

Because Plaintiff has failed to establish irreparable harm, we need not consider the other Dataphase factors in deciding the Motion. Briefly, with respect to the

balancing of harms and the public interest, we note that Defendant and the general public have a strong interest in allowing prison administration to occur without undue court interference. The Supreme Court has cautioned against a court's interference with the administration of a prison. See Bell v. Wolfish, 441 U.S. 520, 547-548 (1979).

In this case, prison administration consists of compliance with the State of Hawaii's directive to relocate Plaintiff. Hawaii directed Defendant, pursuant to a contract, to transfer all Hawaii inmates to another facility, not just Plaintiff. Requiring Defendant to retain custody of Plaintiff hinders its ability to administer prison programs for the rest of the prison population and hinders its ability to follow through on a contract. In addition, the State of Hawaii, which is not a party to this case, will also be harmed if its directions are not followed and one of its prisoners is housed apart from the others. Where Plaintiff has no right to the prison of his choice and alleges only inconveniences rather than actual, irreparable harm, the balance of harms and the public interest weigh heavily against issuing an injunction barring the relocation of Plaintiff to another state.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction [Docket No. 20] be denied.

Dated: April 2, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **April 17, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.