UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH AYUYU,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant.

CIVIL NO. 00-2484 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendant's Motion to Dismiss [Docket No. 27]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss [Docket No. 27] be denied without prejudice.

**FINDINGS OF FACT/REPORT**

Plaintiff filed the Complaint in this action [Docket No. 1] on November 8, 2000, alleging violations of his civil rights under 42 U.S.C. §1983. On March 2, 2001, Plaintiff filed a Motion for Leave to Amend his Complaint. [Docket No. 24]. Also on March 2, 2001, Defendant filed a Motion to Dismiss all claims in the Complaint. [Docket No. 27]. For the reasons discussed below, the Court granted Plaintiff's Motion for Leave to Amend, and recommends denying Defendant's Motion to Dismiss at this stage of the proceedings.

FILED APR 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Federal Rule of Civil Procedure 15(a) states that leave to amend a pleading "shall be freely given when justice so requires." The standard for allowing a party to amend a complaint is much lower than that for surviving a motion to dismiss or a motion for summary judgment. Granting Plaintiffs' Motion to Amend was appropriate under the liberal standard applied on a motion to amend.

In addition, granting Plaintiff's Motion, while denying Defendant's Motion without prejudice, will have the practical effect of promoting judicial economy and the parties' interest in moving this case to a final resolution. If the Court were to consider the merits of Defendant's Motion to Dismiss at this time and conclude that dismissal of the original Complaint was appropriate, that dismissal would likely be without prejudice, in order to permit Plaintiff to correct the deficiencies in his Complaint. See, e.g., United Steelworkers of Amer., AFL-CIO v. Mesker Bros. Indus., Inc., 457 F.2d 91, 93 (8th Cir. 1972)(leave to amend original complaint after dismissal should be freely granted). Instead, granting Plaintiff's Motion to Amend and deferring consideration of the merits of Defendant's Motion to Dismiss will provide Plaintiff an opportunity to correct any perceived deficiencies in his Complaint.

This analysis also applies to Defendant's argument that Plaintiff has failed to comply with Local Rule 15.1 by not submitting a proposed Amended Complaint with his Motion. If the Court were to deny Plaintiff's Motion on that basis, it would be without prejudice to his ability to file a proper Motion to Amend, which would further delay final resolution of this case. Plaintiff may now elect to file no Amended Complaint, and instead to dismiss his current Complaint. If he chooses to file an Amended Complaint, Defendant's

ability to follow the procedures in Fed. R. Civ. P. 11(c)(1)(A) is preserved.

By permitting Plaintiff to amend his Complaint at this time, no further amendment should be required. See e.g., Springdale Educ. Ass'n v. Springdale School Dist., 133 F.3d 649, 653 (8th Cir. 1998)(where plaintiff had failed to allege facts sufficient to state a claim even after being granted leave to amend, district court did not abuse its discretion by dismissing the action with prejudice). Once Plaintiff has filed his Amended Complaint,[1] Defendant may make a new Motion to Dismiss, and the Court should be in a position to make a final decision as to whether or not this action should go forward. At that time, if dismissal is appropriate, the Amended Complaint can be dismissed with prejudice. Denying Defendant's Motion to Dismiss at this time serves the interest of judicial economy, as well as the parties' desire for an expeditious and final resolution to this case.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Defendant's Motion to Dismiss [Docket No. 27] be denied without prejudice to any substantive arguments made by Defendant in support of the Motion.

Dated: April 25, 2001

JOHN M. MASON
United States Magistrate Judge

---

1 Plaintiff has been ordered to file his Amended Complaint no later than May 9, 2001.

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **May 10, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.