UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JOSEPH AYUYU,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

Defendant.

CIVIL NO. 00-2484 (DSD/JMM)

REPORT AND RECOMMENDATION

The above matter is before the Court on Defendant's Motion to Dismiss. [Docket No. 45]. The matter was referred to the undersigned by Judge David S. Doty for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b)(1)(B).

Upon the following Findings of Fact/Report, it is recommended that Defendant's Motion to Dismiss [Docket No. 45] be granted.

## FINDINGS OF FACT/REPORT

Plaintiff began this action by filing a Complaint in Swift County District Court. Defendant removed the case to this Court on November 8, 2000. [Docket No. 1]. On March 2, 2001, Defendant moved to dismiss the Complaint. [Docket No. 27]. On that same date, Plaintiff moved for permission to amend the Complaint. [Docket No. 24]. The Court granted Plaintiff's Motion, and recommended denial of Defendant's. [Docket Nos. 38, 39]. The District Court adopted our Report and Recommendation, and denied Defendant's Motion to Dismiss without prejudice. [Docket No. 43].

In granting Plaintiff's Motion, the Court ordered that he file and serve an Amended Complaint no later than May 9, 2001. [Docket No. 38]. Plaintiff then sought

FILED DEC 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

additional time to file an Amended Complaint. [Docket No. 40]. The Court granted Plaintiff's Motion, and ordered that Plaintiff serve and file his Amended Complaint no later than June 8, 2001. [Docket No. 42]. To date, Plaintiff has not filed an Amended Complaint, but he has apparently provided a copy of the Amended Complaint to Defendant because Defendant's supporting memorandum makes reference to an Amended Complaint, and cites the contents of many paragraphs therein. Although the Amended Complaint is not formally before the Court, based on the parties discussion of the Amended Complaint in their supporting memoranda, the claims asserted therein would not appear to alter the conclusions we reach here.

In his Complaint, Plaintiff makes allegations based on negligence, nuisance, and breach of contract. His allegations are based upon the actions of Defendant's employees while Plaintiff was incarcerated at a facility run by Defendant. He argues that he is a third-party beneficiary of a contract among Defendant, the State of Hawaii, and the State of Minnesota. He seeks compensatory and punitive damages for each of his claims, as well as injunctive relief requiring Defendant to make environmental changes at PCF.

Defendant makes the following arguments in support of its Motion to Dismiss: (1) that Plaintiff's claims are moot; (2) that Plaintiff has failed to allege any actual injury; (3) that Plaintiff failed to exhaust his administrative remedies; and (4) that Plaintiff does not have standing to bring a breach of contract or nuisance action.

## I. PRISON LITIGATION REFORM ACT

Defendant argues that Plaintiff's nuisance and negligence claims should be dismissed for failure to meet two requirements of the Prison Litigation Reform Act (the

"PLRA"), which provides in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Second, the PLRA provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Defendant argues that Plaintiff has not made a showing of physical injury (as required by § 1997e(e)) with respect to his nuisance claim, and has failed to exhaust his administrative remedies (as required by § 1997e(a)) with respect to his negligence claim. Plaintiff argues that the PLRA is not applicable to his negligence and nuisance claims.

**A. Nuisance**

The Complaint alleges that Defendant's conduct at PCF constituted a public nuisance under Minnesota law and as such was injurious to Plaintiff's physical and emotional well-being. Defendant argues that Plaintiff's claims based on nuisance should be dismissed because Plaintiff has failed to allege any actual harm upon which the suit could continue. Plaintiff disagrees, arguing that because his nuisance claims are based on Minnesota Civil Statute § 561.01 which creates a cause of action for nuisance, and Minnesota Criminal Statues § § 609.745, 609.74(1) which criminalize the creation and/or maintenance of a public nuisance on private property, the PLRA is not applicable.

Plaintiff's nuisance claims fall within the jurisdiction of the Prison Litigation Reform Act. This case was initially filed in state court, and removed to federal court on diversity grounds [Docket No. 1]. The Court of Appeals for the Sixth Circuit is the only federal court of appeals to rule directly on the issue of the applicable law. The Sixth Circuit has held that state law claims brought in federal court pursuant to the court's diversity jurisdiction are brought under a federal law, and therefore fall within the ambit of § 1997e(a). Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). Under 42 U.S.C. § 1997 e(e) of the PLRA to sustain a tort claim a prisoner must first alleged a physical injury. State tort law does not limit the applicability of the PLRA physical injury requirement. Sarro v.Essex County Correctional facility, 84 F. Supp. 2d 175, 177 (D. Mass. 2000)(state tort claims act does not limit § 1997 e(e) applicability). Plaintiff's nuisance claims, although based on Minnesota Law, must first comply with the requirements of the PLRA.

The Complaint fails to allege facts that meet the physical injury requirement under PLRA. Plaintiff alleges that he was exposed to unsanitary, unsafe and unhealthy conditions that were injurious to him while he was housed at PCF. See Complaint at 11. Plaintiff does not however claim that he ever became ill because of these conditions or suffered any physical manifestations of harm. By not alleging that Plaintiff has suffered physical harm as a result of Defendant's alleged nuisance, the Complaint fails to fulfill the physical injury requirement under §1997e(e). As such Plaintiff's nuisance claims should be dismissed for failure to comply with the PLRA.

The origination of a case in state court does not preclude application of the PLRA. In Mitchell v. Phillip Morris, 2000 WL 1848085 (S.D. Ala., Nov. 17, 2000)an inmate sued several tobacco companies in state court for injuries related to smoking. Although the

inmate had not yet experienced any physical harm, he sued on the possibility of future harm and the worry he experienced because he might later develop cancer from smoking. Id. at 1. After defendants removed the case on the basis of diversity, they raised the issue of the physical injury requirement under 42 U.S.C. § 1997 e(e) of the PLRA. Defendant's argued that section 1997 e(e) of the PLRA applied to removed diversity actions, and thus plaintiff's claim should be dismissed because he had not yet made the requisite showing of physical harm. The court agreed and dismissed the case. Id. at 5-7; see also Walker v. Akers, 1999 WL 787602 (N.D. Ill., Sept. 24, 1999)(the limitation of § 1997 e(e) applies to claims brought in federal court not merely claims founded on federal law).

Plaintiff also lacks standing to sue based on nuisance under Minnesota law. A public nuisance must be redressed by prosecution in the name of the state. Hill v. Stokely-Van Camp, Inc., 109 N.W.2d 749,752 (1961). A private individual may maintain a suit for public nuisance only if the individual establishes that he/she has suffered an injury special or peculiar to himself/herself which is not common to the public in general. Id. at 753. Here, the Complaint fails to allege the nature of Plaintiff's injuries. The Complaint contains no allegation that Plaintiff suffered special or peculiar injury as a result of Defendant's alleged conduct.

**B. Negligence**

Plaintiff contends that Defendant negligently violated its contract with the States of Hawaii and Minnesota as well as negligently maintained harmful conditions at PCF. Defendant argues that Plaintiff's negligence claims should also be dismissed because defendant failed to exhaust his administrative remedies as required by under

§ 1997 (e)a of the PLRA. Plaintiff disagrees arguing that his negligence claim is based on Minnesota tort law and thus the PLRA is not applicable because he is not claiming a violation of federal law.

Minnesota law does not allow a cause of action in tort based solely on a breach of a contractual obligation. See Lassen v. First Bank of Eden Prairie, 514 N.W.2d 831, 837 n.5 (Minn. Ct. App. 1994); see also Hanks v. Hubbard Broadcasting, Inc., 493 N.W.2d 302, 307 (Minn. Ct. App. 1992)(a contract claim can not be made into a tort claim). Under Minnesota tort law to sustain a claim for negligence Plaintiff must demonstrate an actual injury that directly results from Defendant's conduct. See Fuchess v. Cecil Newman Corp., 615 N.W.2d 397, 400 (Minn. Ct. App. 2000)(injury in fact is one of four necessary elements to recover under negligence theory).

Plaintiff's negligence claims are not permitted under Minnesota law. Plaintiff alleges that Defendant negligently violated its contractual obligations as well as negligently created and maintained hazardous conditions at PCF. See Complaint at 10-11. However, Plaintiff's negligent breach of contract claims are not recognized under Minnesota law. Additionally, because Plaintiff has failed to allege a physical injury, he is also unable to sustain any other claim based on a negligence theory under Minnesota law.

Plaintiff's memoranda states:

> Plaintiff is simply alleging a breach of contract on the part of the Defendant and not necessarily a violation of civil rights. Plaintiff's Reply to Defendant's Reply Memorandum
>
> The Defendant is absolutely correct that Plaintiff did not allege facts sufficient to state a violation of the (sic) eighth amendment of the United States Constitution. Plaintiff's Reply to Defendant's Reply Memorandum at 2.

> Nowhere on Plaintiff's verified complaint or amended complaint did Plaintiff ever allege or claim the Defendant violated his civil rights. Id. at 2.

Plaintiff's negligence claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. See Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir.), *cert. denied*, 444 U.S. 899, 100 S.Ct. 208, 62 L.Ed.2d 135 (1979)(motion to dismiss a complaint should be granted when it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief). Plaintiff has failed to allege a claim for negligence upon which the court could grant relief in this case. Plaintiff's claims for damages due to negligent breach of contract and negligent maintenance should therefore be dismissed under pursuant to Rule 12(b)(6).

## II. Lack of Standing

Plaintiff alleges that Defendant breached its contract with the States of Hawaii and Minnesota to provide Plaintiff with no cost medical services and cold tablets as well as humane living conditions. Defendant argues that Plaintiff's breach of contract claims should be dismissed because under Hawaii law Plaintiff lacks standing to sue. Plaintiff disagrees, arguing that he is a third-party beneficiary to the contract and thus has standing to sue for harm he suffered as a result of Defendant's contract breach. See Hunt v. First Ins. Co. of Hawaii, Ltd., 922 P.2d 976, 980 (Haw. Ct. App. 1996)(for a party to have standing to sue on a breach of contract, he/she must either be in privity with a party to a contract or an intended third-party beneficiary).[1]

---

[1] Both Parties agree that pursuant to the choice of law provision in the CCA/State of Hawaii contract, all rights and duties of the parties to the agreement are governed by Hawaii law.

An intended third-party beneficiary is one for whose benefit a promise is made in the contract, but who is not a party to the contract. See Pancakes of Hawaii, Inc. v. Pomare Properties, Corp., 944 P.2d 97, 106 (Haw. Ct. App. 1997). The primary question in determining whether a non-signatory to a contract is an intended third-party beneficiary is "whether the agreement manifests an intent to benefit a third party." U.S. Pacific Builders, Inc. v.Misui Trust & Banking Co., 57 F. Supp. 2d 1018, 1026 (U.S. D. Haw. 1999). "The parties to the contract must have intended to directly benefit the third party," and the "intent must be reflected in the express terms of the contract, unless the contract is ambiguous." Id.

Plaintiff is not a third-party beneficiary to the contract. The language of the contract that creates the obligations upon which Plaintiff sues, specifically excludes Plaintiff as a beneficiary to the agreement. The contract provides in pertinent part:

> **No Third Party Beneficiary Enforcement.** It is agreed that the terms and conditions of this agreement, and all rights of action relating to such enforcement, shall be strictly reserved to the STATE, the CONTRACTOR and Corrections Corporation of America, and nothing contained in this agreement shall give or allow any claim of right of action whatsoever by any other person on this Agreement. The STATE and the CONTRACTOR intend that any entity, other than the STATE, the CONTRACTOR or Corrections Corporation of America receiving services or benefits under this Agreement, shall be deemed an incidental beneficiary only.[2]

---

Minnesota courts honor choice of law provisions as long as the parties are not forum shopping, the applicable law is constitutional and there are sufficient contacts with the state who law is chosen. See Hagstrom v. American Circuit Breaker Corp., 518 N.W.2d 46,48 (Minn. Ct. App. 1994).

[2] The CCA/State of Hawaii can be found at Exhibit B attached to Defendant's Memorandum in Opposition to Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction [Docket No. 32].

The provisions of the contract reflect the intent of the parties to exclude prisoners as third-party beneficiaries. Under the terms of the contract, it was neither the intent of the State of Hawaii nor the Defendant that Plaintiff be entitled to enforce or sue on the obligations created therein. Defendant agreed to perform a service for the State of Hawaii for a fee. Any promise made by Defendant pursuant to this agreement was for the sole benefit of the State of Hawaii. Plaintiff is the subject of the contract not a beneficiary to it. Because Plaintiff is neither a signatory nor a third-party beneficiary to the contract, he lacks standing to sue upon its provisions. As such Plaintiff's claims for compensation due to Defendant's alleged breach of contract should be dismissed.

## III. MOOTNESS

The acts complained of by Plaintiff occurred while he was an inmate at the Prairie Correctional Facility ("PCF") in Appleton, Minnesota. Defendant argues that the claims for injunctive relief are moot because Plaintiff is no longer housed at PCF. Plaintiff agrees with Defendant that because he has been moved from PCF his two claims for injunctive relief are no longer viable.

The doctrine that federal courts may not decide moot cases "derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." Comfort Lake Ass'n, Inc. v. Dresel Contracting Inc., 138 F.3d 351, 354(1998)(quoting Liner v. Jafco Inc., 375 U.S. 301, 306 n.3(1964). A case may become moot at any time. "[I]t is not enough that a dispute was very much alive when (sic) suit was filed...The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp.,494 U.S. 472, 477-

78(1990). Where interim events eradicate the effects of the alleged violation, "it may be said that the case is moot because neither party has a legally cognizable interest in the final determination of the underlying questions of law and fact." See Keenan v. Smith, 100 F.3d 644, 647(8th Cir. 1996).

Plaintiff's claims for injunction relief are moot. Plaintiff has been transferred from the PCF, therefore Plainitff no longer has a personal stake in seeing Defendant's alleged conduct at PCF restrained or modified. As such there is no real, live controversy whereby the court could order injunctive or declaratory relief. See Hein v. Arkansas State University, 972 F. Supp. 1175,1182-83(8th Cir. 1997). Plainitff's request for two injunctions directing Defendant to modify conditions at PCF should be dismissed as moot.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that Plainitff's Motion for injunctions directing Defendant to modify conditions at PCF [Docket No. 20] should be dismissed as moot; that Defendant's Motion to Dismiss the Complaint [Docket No. 45] be granted and that the Complaint be dismissed with prejudice.

Dated: December 5, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **December 20, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.