UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2484(DSD/JMM)

Joseph Ayuyu,

Plaintiff,

v. **ORDER**

Corrections Corporation of America,

Defendant.

This matter is before the court on plaintiff's objections to report and recommendation of Magistrate Judge John M. Mason dated December 5, 2001. In his report, the magistrate judge recommended that: (1) plaintiff's motion for injunctions directing defendant to modify conditions [Docket No. 20] should be dismissed as moot; (2) that defendant's motion to dismiss the complaint [Docket No. 45] should be granted; and (3) that the complaint should be dismissed with prejudice. Plaintiff now objects to the magistrate judge's recommendation.[1]

[1] The court notes that while plaintiff has failed to comply with the page limit requirements for briefs filed in objection to a report and recommendation of a magistrate judge under Local Rule 72.1(c)(2), since plaintiff is pro se, the court has decided not to sanction plaintiff and will consider plaintiff's entire brief in the determination of this matter including the 25 pages that exceed those permitted by the local rules.

FILED 2-13-02
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. 2-13-02
Deputy Clerk's Initials ______

However, since the report of the magistrate judge fully discussed the reasons why: (1) the injunctions directing defendant to modify conditions should be dismissed; (2) defendant's motion to dismiss the complaint should be granted; and (3) the complaint be dismissed with prejudice, the court will adopt the magistrate judge's report and recommendation in its entirety after conducting a de novo review of the file and record.

In particular, the court concurs with the magistrate judge's recommendation that plaintiff's nuisance claims fall within the jurisdiction of the Prison Litigation Reform Act ("PLRA") and fails to allege facts sufficient to meet the physical injury requirement under that act. See 42 U.S.C. § 1997; Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999). As such, plaintiff's nuisance claims must be dismissed for failing to comply with the PLRA.[2]

The court also agrees with the magistrate judge's assessment that plaintiff's negligence claims must be dismissed since defendant has failed to exhaust all administrative remedies as required under 42 U.S.C. § 1997(e) of the PLRA and since he has failed to allege a claim for negligence upon which the court could

---

[2] The court also agree that the plaintiff lacks standing to bring a nuisance claim under Minnesota law since he fails to allege that he has suffered any special or peculiar injury as a result of defendant's alleged conduct. See Hill v. Stokely-Van Camp, Inc., 109 N.W.2d 749, 752 (Minn. 1961) (private individual may only maintain suit for public nuisance if he can establish that he has suffered an injury that is special or peculiar to himself which is not common to the public in general).

grant relief. Accordingly, plaintiff's negligence claim must be dismissed for failing to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). See Thomas W. Garland, Inc. v. City of St. Louis, 596 F.2d 784, 787 (8th Cir. 1979) (motion to dismiss should be granted when it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief).

Lastly, the court agrees with the magistrate judge's assessment that plaintiff's claims for breach of contract must be dismissed since plaintiff lacks standing as a third party beneficiary of any contract between defendant and the States of Hawaii and Minnesota.[3]

Accordingly, and after conducting a de novo review of the file and record, the court will adopt the magistrate judge's report and recommendation in its entirety, and **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for injunctions directing defendant to modify conditions [Docket No. 20] is dismissed as moot;

2. Defendant's motion to dismiss the complaint [Docket No. 45] is granted; and

---

[3] The court also concurs with the magistrate judge's assessment that plaintiff's claim for injunctive relief must be denied as moot. The record clearly reflects that plaintiff has been transferred from the PCF, therefore plaintiff no longer has a personal stake in seeing defendant's alleged conduct at PCF restrained or modified. Accordingly, there is no real live controversy whereby the court can order injunctive or declaratory relief. See Hein v. Arkansas State Univ., 972 F. Supp. 1175, 1182 (8th Cir. 1997).

3. Plaintiff's complaint is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 22, 2001

David S. Doty, Judge
United States District Court

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.